Theophile Saulnier and Henry S. Saulnier, Minor, by his father and next friend, Theophile Saulnier, v. Richard M. Keech, Appellant.

Argued November 21, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*William C. Alexander,* for appellant, cited: Goater v. Klotz, 279 Pa. 392; Zenzil v. D. L. & W. R. R., 257 Pa. 473; Mudano v. Phila. Transit Co., 289 Pa. 51.

*H. J. Makiver,* for appellee, cited: Fowler v. Newbold, 81* Pa. Superior Ct. 227; Mann v. Weiand, 81 Pa. 243; Mulligan v. Lehigh Traction Co., 241 Pa. 139.

OPINION BY KELLER, J., December 13, 1928:

The only question raised in this court was whether there was sufficient evidence that defendant knew the vicious character of his dog prior to June 10, 1926, when the minor plaintiff was bitten.

The witness relied on to prove that he had such notice was a school teacher, Miss Belford, who was present when the dog bit one of her pupils in October, 1925.

Subsequently she saw the dog at defendant's gasoline filling station, when she was getting some gasoline, and told defendant of the dog's having bitten her pupil.

She was asked when this conversation occurred, whether prior to June 10, 1926, or not. At first she said she did not know, but that it was before school stopped in the spring. When asked how long before school stopped, she said, from two to three weeks.

Later she said that school stopped on June 18th, that the conversation had taken place two or three weeks before that, and was prior to June 10th.

While not as definite or positive as might have been desired, we agree with the court below that the evidence was for the jury. There was no such contradiction in her testimony as required the court to withdraw the case from the jury. It frequently happens

on the trial of a case that a witness who is uncertain as to the date of an occurrence may have her recollection freshened by referring to other circumstances that took place near the date in question. If by doing so she is then able to fix the date, her evidence is not to be ruled out by the court as inconsistent or contradictory, but is for the jury.

The judgments are affirmed.